UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHAD SCHAFFNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:18-CV-00014-JRG-CRW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Chad Schaffner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence [Doc. 1], Mr. Schaffner's Memorandum in Support [Doc. 2], and the United States' Response in Opposition [Doc. 3]. For the reasons herein, the Court will deny Mr. Schaffner's motion.

### I. BACKGROUND

In 2009, Mr. Schaffner committed a string of violent bank robberies throughout the Southeast and Midwest. [PSR ¶¶ 14–36 (on file with the Court)]. After a nationwide manhunt, authorities apprehended him, [*id.* ¶ 17], and he was indicted in seven different federal districts, [*id.* ¶¶ 1–7]. With Mr. Schaffner's consent, the cases from those districts were transferred to and consolidated in the Eastern District of Tennessee for all further proceedings. [*Id.* ¶¶ 1–7].

In 2009 and 2010, Mr. Schaffner pleaded guilty to multiple counts—twenty-six, in all—in each of the seven indictments, including to violations of 18 U.S.C. § 2113(a) and violations of 18 U.S.C. § 924(c)(1)(A)(ii). [*Id.* at 1–3, ¶¶ 9, 198; Plea Agreement, Doc. 17, at 1–2; Minute Entry, Doc. 18]. At sentencing, Mr. Schaffner, based on previous convictions in Indiana, was a

1

career offender under the sentencing guidelines—specifically under USSG § 4B1.1,[1] [PSR ¶¶ 156, 172, 175, 176, 180], which resulted in a criminal history category of VI, [*id.* ¶¶ 180, 199]; *see* USSG § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Also, the United States sought increased punishment under 18 U.S.C. § 3559(c)(4) because Mr. Schaffner had two previous convictions for robbery, in 1991 and in 1994. [PSR ¶ 8]. Under § 3559(c)(4), Mr. Schaffner was subject to a mandatory life sentence as to each of the twenty-six counts against him. [*Id.* ¶ 198]. The Court sentenced him to consecutive life sentences, and it entered its criminal judgment on December 13, 2011. [J., Doc. 31, at 1, 3]. In February 2018, over six years after the Court's judgment became final, Mr. Schaffner filed a petition to vacate his sentence under 28 U.S.C. § 2255, which is pending before the Court.

## II. STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which

---

[1] USSG § 4B1.1 increases a defendant's offense level if the defendant is a "career offender." Under USSG § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

2

had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing she is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to doc.no relief," she will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed

3

to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### III. ANALYSIS

In pursuing relief under § 2255, Mr. Schaffner alleges that his counsel was ineffective, in violation of the Sixth Amendment of the United States Constitution, because he "talked [him] out of going to trial," "failed to advises [sic] [him] about the upword [sic] variance," "never object[ed] to the" PSR, and "never object[ed] when the court went out of the Guidelins [sic] with a [sic] upward variance." [Pet'r's Mot. at 4; *see* Pet'r's Mem. at 6 (contending that counsel was ineffective for failing to object to the application of § 3559(c)(4)). Mr. Schaffner also alleges a violation of his due-process rights under the Fifth and Fourteenth Amendments, claiming that his counsel "was in conflict with [him] for most of the time" and "lied to [him]." [Pet'r's Mot. at 5]. The apparent upshot of these allegations is that Mr. Schaffner believes his plea agreement was neither knowing nor voluntary. [Pet'r's Mem. at 5]. Lastly, Mr. Schaffner requests post-conviction relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). [Pet'r's Mot. at 6].

In response to Mr. Schaffner's claims, the United States argues that they are untimely. [United States' Resp. at 6–7]. Section 2255's one-year statute of limitations states that "[t]he limitation period shall run from the latest of" four dates:

4

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). Sections 2255(f)(1) and (f)(3) are the subsections relevant to Mr. Schaffner's claims. *See* [Pet'r's Mot. at 11 (arguing that his clams are timely under § 2255(f)(3))].

### A. The Timeliness of Mr. Schaffner's Claims

Under § 2255(f)(1), the Court's judgment against Mr. Schaffner became final on the expiration of the last day on which he could have timely appealed that judgment, *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004), and that day was December 27, 2011, the two-week mark from the Court's entry of judgment on December 13, 2011, *see* Fed. R. App. P. 4(b)(1) (stating that a defendant must tender his notice of appeal within fourteen days of a district court's entry of judgment). Mr. Schaffner filed his § 2255 motion on February 12, 2018—over six years later. His claims under the Sixth and Fifth Amendments are therefore clearly untimely, and he does not argue that he is entitled to equitable tolling.

Under § 2255(f)(3), Mr. Schaffner's claim under *Johnson* is also untimely. A defendant with a conviction for being a felon in possession of a firearm will receive an increased sentence under the Armed Career Criminal Act ("ACCA"), Pub. L. No. 98-473, 98 Stat. 1801 *et seq.*, if

5

he is an armed career criminal—*i.e.*, someone who has committed at least three serious drug offenses or violent felonies. *Johnson*, 135 S. Ct. at 2555. In *Johnson*, the Supreme Court held that the ACCA's residual clause—which defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . . otherwise involves conduct that presents a serious potential risk of physical injury to another" *id.* at 2555–56 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)—is unconstitutionally vague, *id.* at 2563.

But Mr. Schaffner's claim under *Johnson* is time-barred because he filed it in February 2018, well over a year after the Supreme Court initially decided *Johnson* in June 2015, and he does not argue that he is entitled to equitable tolling. *See* § 2255(f)(3) (stating that a claim is timely if filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court"); [United States' Resp. at 6 ("[N]one of the Supreme Court cases cited by petitioner were decided within one year before he filed his § 2255 motion, so the motion remains untimely under § 2255(f)(3).")]. And incidentally, Mr. Schaffner's claim would be untimely even from the date on which *Johnson* later became retroactive. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (announcing, on April 18, 2016, that "*Johnson* is thus a substantive decision and so has retroactive effect . . . in cases on collateral review").

Besides, the Court did not sentence Mr. Schaffner under the ACCA but under USSG 4B1.1, which means that *Johnson* cannot avail him. *See Johnson*, 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of *the Armed Career Criminal Act* violates the Constitution's guarantee of due process." (emphasis added)); *see also Beckles v. United States*, 137 S. Ct. 886, 895 (2017) ("[W]e hold that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness."); *Hurst v. United States*, No. 19-6136, 2020 WL 1685302, at *1 (6th Cir. Feb. 28, 2020) ("*Johnson* does not apply to the advisory sentencing

6

guidelines."); *Phillips v. United States*, No. 4:04-cr-29-TRM-SKL-1, 4:16-cv-58-TRM, 2017 WL 1322166, at *4 (E.D. Tenn. Apr. 10, 2017) ("[T]he United States Sentencing Guidelines are 'not amenable to vagueness challenges.' As a result, the *Johnson* decision has no impact on the propriety of Petitioner's career offender designation under Section 4B1.1 of the United States Sentencing Guidelines." (footnote omitted) (quoting *Beckles*, 137 S. Ct. at 894)). The Court will therefore dismiss Mr. Schaffner's claims as untimely.

### B. Certificate of Appealability

Lastly, the Court must determine whether to issue a certificate of appealability, which is necessary for Ms. Schaffner to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing, the petitioner must demonstrate that reasonable jurists would find the Court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that reasonable jurists would not find that its dismissal of Mr. Schaffner's claims as time-barred is debatable or wrong. The Court therefore declines to issue a certificate of appealability to Mr. Schaffner.

### IV. CONCLUSION

As the petitioner under § 2255, Mr. Schaffner fails to meet his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. Mr. Schaffner's Motion to Vacate, Set Aside or Correct His Sentence [Doc. 1] is therefore **DENIED**. This case is hereby **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

                                                s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE